BREWSTER *v.* STATE OF INDIANA.

[No. 23,745. Filed January 11, 1921.]

1. CRIMINAL LAW.—*Instructions.*—*Record.*—*Bill of Exceptions.*—On appeal from a judgment of conviction, alleged error in the instructions present no question, where the instructions are not brought into the record by bill of exceptions. p. 85.

2. CRIMINAL LAW.—*Prejudicial Remarks by Judge.—Exception.* —Alleged error contained in a remark made by the judge in ruling on a question asked one of the convicted defendant's witnesses, presents no question where exception was taken to the ruling, but not to the remark. p. 85.

3. CRIMINAL LAW.—*New Trial.—Newly-discovered Evidence.— Diligence.*—A motion for new trial, on the ground of newly-discovered evidence, was properly denied because of lack of diligence, where affidavits of witnesses expected to produce such evidence show that the witnesses were subpoenaed and were present during the entire time of the trial. p. 85.

4. HOMICIDE.—*Exclusion of Testimony of Defendant's Wife.— Cure of Error.*—In a prosecution for assault and battery with intent to murder, the exclusion of testimony of defendant's wife as to what she had told him, before the offense, concerning conduct of the prosecuting witness toward her, was not prejudicial error where the defendant detailed to the jury the language of his wife exactly as it was stated in the offer to prove. p. 85.

5. HOMICIDE.—*Evidence of Provocation.—Exclusion.—Effect.*— A defendant convicted of assault and battery with intent to commit manslaughter, though such crime were committed on a sudden heat upon his wife telling him of improper conduct of the prosecuting witness toward her, could not have been harmed by the exclusion of the wife's testimony as to what she told the defendant, since with such testimony in his behalf he would not have been guilty of any lesser offense. p. 86.

6. HOMICIDE.—*Assault and Battery with Intent.—Evidence.— Sufficiency.*—On appeal from a conviction of assault and battery with intent to commit murder, where it appears from defendant's own testimony that he was trying to get the prosecuting witness to go to the defendant's home and apologize to his wife for alleged improper conduct, that before the assault he had told of the aim of prosecuting witness for that purpose, that, upon the latter's refusal to go, defendant struck him a violent blow with a club and felled him, and, after he was down, partially helpless, kicked him in the face and in the side, inflicting severe injuries, the verdict of guilty will not be disturbed on the ground of insufficiency of the evidence. p. 86.

From Gibson Circuit Court; *S. L. Vandeveer,* Judge.

Prosecution by the State of Indiana against George Brewster. From a judgment of conviction, the defendant appeals. *Affirmed.*

*John B. Bilderback* and *Harvey Harmon,* for appellant.

*Ele Stansbury,* Attorney-General, and *Remster A. Bingham,* for the state.

TOWNSEND, J.—Appellant was charged with assault and battery with intent to commit murder. He was convicted by jury of assault and battery with the

1. intent to commit manslaughter. He complains of certain instructions given by the court. The instructions have not been brought into the record by bill of exceptions. Therefore no question is presented.

Appellant next complains of a remark made by the trial judge at the time he, sustained an objection to a question propounded to one of appellant's wit-

2. nesses, and overruled an offer to prove. Appellant saved an exception to the ruling of the court, but saved none to the court's remark.

Appellant next claims that the court should have sustained his motion for a new trial, because of newly-discovered evidence. To sustain this part of his

3. motion he presents the affidavits of several witnesses; but an examination of these affidavits shows that the witnesses were subpoenaed and present in the courtroom during the entire time of the trial. The first essential of affidavits of this kind is that they should show diligence. A disclosure of the fact that the witnesses were present in the courtroom during the entire time of the trial shows a lack of diligence on the part of appellant, and precludes any further consideration of these affidavits.

Appellant claims that the court erred in excluding the testimony of his wife, as to what she told him on the night previous to the day of the assault, con-

4. cerning the conduct of the prosecuting witness towards her. We do not stop to inquire whether

this was too remote. If there was error in it, appellant was not prejudiced thereby, because he himself detailed before the jury the language of his wife exactly as it was put forth in this offer to prove. When upon the witness stand in his own behalf, in telling of the conversation he had with the prosecuting witness just previous to the assault, he got the benefit of all that his wife told him by detailing it in that conversation.

There is another reason why he was not harmed by the ruling, regardless of whether it was right or wrong. He stands convicted of assault and battery with the intent to commit manslaughter. If he had acted on a sudden heat immediately upon his wife telling him something concerning prosecuting witness' conduct towards her, and had made a violent assault upon the prosecuting witness that endangered his life, he would not have been guilty of a lesser offense than that of which he stands convicted. The voluntary killing of a human being on a sudden heat without malice is voluntary manslaughter. It existed at common law and arose out of a tenderness for human frailties to mollify the then law on the subject of homicide.

Appellant and prosecuting witness were brothers-in-law. On the evening previous to the assault, appellant's wife told him of misconduct of prosecuting witness towards her. On the following morning, appellant saw prosecuting witness go into a store across the street. Appellant followed him in there, spoke to him, came out of the store with him, entered into conversation with him, and told him what appellant's wife had said about the misconduct of the prosecuting witness. Appellant appears, from his own story of the transaction, to have been very deliberate and calm in his conversation with prosecuting witness. He gives as his reason for the assault upon the prosecuting witness the fact that prosecuting witness would

not apologize to his wife. Appellant's own testimony concerning the assault was that he was trying to get the prosecuting witness to go across to his (appellant's) home and apologize to his wife, and that just previous to the assault he had hold of prosecuting witness' arm, or his clothing, and was trying to pull him across towards appellant's home. Upon the prosecuting witness' refusal to go, appellant struck him a violent blow over the head with a club and felled him to the ground. When the prosecuting witness was down, partially helpless from the blow received, appellant kicked him in the face and in the side, inflicting further severe injuries upon him.

In the light of this evidence, the verdict of the jury is clearly right. No prejudicial error was committed in the exclusion of evidence.

The judgment of the trial court is affirmed.